IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO GONZALEZ-CUEVAS,         No. 2:13-CV-1777-CMK-P

       Plaintiff,

  vs.                                                            ORDER

F. FOULK, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Also before the court is plaintiff's motion for the appointment of counsel (Doc. 3). Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, plaintiff names as defendants the Chief Deputy Warden and Associate Warden.  He claims that, by virtue of defendants' review of his inmate grievances, they knew that a "R-Suffix" was inappropriately placed in his file.  According to plaintiff, the "R-Suffix" classification indicates a conviction for a sex offense and that such a classification creates a safety risk ". . . if that R. suffix . . . is discovered by other prisoners."  Plaintiff has not, however, alleged that his classification has become known to other prisoners.  While plaintiff does allege that he has been attacked on numerous prior occasions, he does not allege that such attacks were related to his classification or, more importantly, that either of the named defendants was in a position to prevent the prior attacks or even knew about prior attacks.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

   Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

   In this case, plaintiff has not alleged any more than a mere suspicion of danger. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute

and comply with court rules and orders.  See Local Rule 110.

Plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, though plaintiff alleges language barriers, he has been able up to this point to articulate his claims.  Second, the court finds that the legal issues involved in this case are not overly complex.  Finally, for the reasons discussed above, the court finds little likelihood of success on the merits because plaintiff has not stated a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing within 30 days of the date of this order why this action should not be dismissed for failure to state a claim; and

2. Plaintiff's motion for the appointment of counsel (Doc. 3) is denied.

DATED: February 10, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE