IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO GONZALEZ-CUEVAS, | No. 2:13-CV-1777-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| F. FOULK, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's response (Doc. 20) to the court's February 11, 2014, order to show cause; (2) plaintiff's motion for leave to proceed in forma pauperis (Doc. 18); and (3) plaintiff's motion for the appointment of counsel (Doc. 21).

Because plaintiff has already been granted in forma pauperis status (see Doc. 16), plaintiff's current motion is denied as unnecessary.

Turning to the court's order to show cause and plaintiff's response thereto, the court stated:

> In this case, plaintiff names as defendants the Chief Deputy Warden and Associate Warden. He claims that, by virtue of defendants' review of his inmate grievances, they knew that a "R-Suffix" was

1

inappropriately placed in his file. According to plaintiff, the "R-Suffix" classification indicates a conviction for a sex offense and that such a classification creates a safety risk ". . . if that R. suffix . . . is discovered by other prisoners." Plaintiff has not, however, alleged that his classification has become known to other prisoners. While plaintiff does allege that he has been attacked on numerous prior occasions, he does not allege that such attacks were related to his classification or, more importantly, that either of the named defendants was in a position to prevent the prior attacks or even knew about prior attacks.

Given these defects, the court found that plaintiff had alleged only a suspicion of danger. In his response to the order to show cause, plaintiff indicates the existence of factual allegations which, if true, would cure the pleading defects identified in the court's order to show cause. Plaintiff's original complaint will, therefore, be dismissed with leave to amend to allow plaintiff to present all of his factual allegations in a single amended pleading.

Turning to plaintiff's renewed motion for the appointment counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, though plaintiff alleges language barriers, he has been able up to this point to articulate his claims. Second, the court finds that the legal issues involved in this case are not overly complex. Finally, while it appears that plaintiff may be able to succeed in presenting cognizable claims, the court cannot say at this point in the proceedings that he has a likelihood of success on the merits of such claims.

1    Plaintiff is informed that, as a general rule, an amended complaint supersedes the
2 original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus,
3 following dismissal with leave to amend, all claims alleged in the original complaint which are
4 not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th
5 Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior
6 pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An
7 amended complaint must be complete in itself without reference to any prior pleading.  See id.
8    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
10 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
11 each named defendant is involved, and must set forth some affirmative link or connection
12 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
13 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
14    Finally, plaintiff is warned that failure to file an amended complaint within the
15 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
16 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
17 with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
18 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

       Accordingly, IT IS HEREBY ORDERED that:

       1.     The court's February 11, 2014, order to show cause is discharged;

       2.     Plaintiff's complaint (Doc. 1) is dismissed with leave to amend;

       3.     Plaintiff shall file a first amended complaint within 30 days of the date of this order;

       4.     Plaintiff's motion for leave to proceed in forma pauperis (Doc. 18) is denied as unnecessary; and

       5.     Plaintiff's motion for the appointment of counsel (Doc. 21) is denied.

DATED: July 24, 2014

                                                                                          */s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE