1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   ALFONSO GONZALEZ-CUEVAS,              No. 2:13-CV-1777-MCE-CMK-P
12                Plaintiff,
13          vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>
14   F. FOULK, et al.,
15                Defendants.
16   _____/
17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
18   42 U.S.C. § 1983.  Pending before the court is defendants' unopposed motion to dismiss (Doc.
19   32).
20
21          **I.  PLAINTIFF'S ALLEGATIONS**
22          This action proceeds on the first amended complaint in which plaintiff names F.
23   Foulk and B. Bevan, the prison warden and associate warden respectively, as defendants.
24   Plaintiff claims that defendants were aware that his file improperly contained an "R suffix"
25   identifying plaintiff as a sex offender, that this incorrect information became known to other
26   inmates, that plaintiff was thus in danger, and that defendants failed to take action to protect him

1

1   from likely assaults by other inmates.

2

3   **II.  STANDARD FOR MOTION TO DISMISS**

4          In considering a motion to dismiss, the court must accept all allegations of

5   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

6   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

7   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

8   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

9   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

10  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

11  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

12  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

13  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

14          Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

15  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

16  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

17  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

18  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

19  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

20  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

21  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

22  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

23  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

24  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

25  than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S.

26  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

2

1  it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id.

2  (quoting Twombly, 550 U.S. at 557).

3            In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

4  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

5  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

6  documents whose contents are alleged in or attached to the complaint and whose authenticity no

7  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

8  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

9  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

10  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

11  1994).

12            Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

13  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

14  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

15

16                              **III.  DISCUSSION**

17            In their motion to dismiss, defendants argue: (1) they are immune under the

18  Eleventh Amendment to the extent plaintiff sues them in their official capacities: (2) the

19  documents attached to the complaint show that the R-suffix was appropriately placed in

20  plaintiff's file; (3) plaintiff has failed to plead facts showing that his R-suffix classification was

21  made known to other inmates; and (4) they are entitled to qualified immunity.

22      **A.      Eleventh Amendment Immunity**

23            Plaintiff sues defendants in both their individual and official capacities.

24  Defendants correctly argue that they are immune from suit to the extent they are sued in their

25  official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner,

26  976 F.2d 469, 472 (9th Cir. 1992) (per curiam).

1       **B.**      **Merits of Plaintiff's Claim**

2               Defendants raise two arguments going to the merits of plaintiff's claim.  First,

3    they argue that documents attached to the complaint show that the R-suffix was not

4    inappropriately noted in plaintiff's file.  Second, defendants argue that plaintiff has not stated a

5    cognizable claim because he has not alleged that his R-suffix classification was ever made

6    known to other inmates and, therefore, no safety risk existed.

7               The treatment a prisoner receives in prison and the conditions under which the

8    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

9    and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

10   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

11   of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

12   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

13   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

14   "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

15   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

16   when two requirements are met: (1) objectively, the official's act or omission must be so

17   serious such that it results in the denial of the minimal civilized measure of life's necessities; and

18   (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose

19   of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a

20   prison official must have a "sufficiently culpable mind." See id.

21               Under these principles, prison officials have a duty to take reasonable steps

22   to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

23   1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met:

24   (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of

25   serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer,

26   511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge

4

1   element.  See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not

2   liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer,

3   511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison

4   officials know for a certainty that the inmate's safety is in danger, but it requires proof of more

5   than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).

6   Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison

7   officials actually knew of a substantial risk, they are not liable if they took reasonable steps to

8   respond to the risk, even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

9           As to defendants' first argument, whether the R-suffix classification was

10  appropriately made a part of plaintiff's file or not is irrelevant.  Even if, as defendants assert, the

11  R-suffix classification was supported by plaintiff's offense and, therefore, was correctly noted in

12  plaintiff's prison file, a safety risk would nonetheless arise if that classification was made known

13  to other inmates.  Similarly, a safety risk would arise if other inmates knew of a R-suffix

14  classification, even if improperly placed in the file.  The safety risk is a function of whether the

15  R-suffix classification was known by other inmates, not whether it was properly placed in the

16  file.

17          Defendants next argue that plaintiff has not stated a cognizable claim because, to

18  the point, he has not alleged that other inmates knew of his R-suffix classification.  In the

19  amended complaint, plaintiff mentions other inmates' knowledge of his R-suffix classification as

20  follows:

21              The plaintiff has suffer for years every day and nigh [sic] because the R.
                Suffix . . .exposure to other prisoners. . . .
22
                The plaintiff have endure harassment and assaults attacks due to the fact
23              the R. Suffix have been . . . exposure to other prisoners.

24  Upon thorough review of the amended complaint and attached documents, the court can find no

25  other references to other inmates' knowledge that plaintiff's file contained an R-suffix

26  classification.

1    The court finds that defendants' argument is persuasive.  While plaintiff has

2  recited the formulaic expression of the knowledge requirement, apparently drafted in response to

3  the court's screening order addressing the original complaint, he has not alleged sufficient facts

4  to place defendants on notice of the factual grounds upon which he claims other inmates knew

5  about the R-suffix classification.  Specifically, plaintiff has failed to cross the line from

6  possibility to plausibility by alleging facts showing <u>how</u> other inmates became aware of the R-

7  Suffix classification.

8    Because plaintiff has already had an opportunity to amend to cure this same

9  defect, and because plaintiff had not opposed the current motion, the court finds that further leave

10  to amend is not warranted.

11  **C.    Qualified Immunity**

12    Defendants argue that they are entitled to qualified immunity.  Government

13  officials enjoy qualified immunity from civil damages unless their conduct violates "clearly

14  established statutory or constitutional rights of which a reasonable person would have known."

15  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  In general, qualified immunity protects "all but

16  the plainly incompetent or those who knowingly violate the law."  <u>Malley v. Briggs</u>, 475 U.S.

17  335, 341 (1986).  In ruling upon the issue of qualified immunity, the initial inquiry is whether,

18  taken in the light most favorable to the party asserting the injury, the facts alleged show the

19  defendant's conduct violated a constitutional right.  <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201

20  (2001).  If a violation can be made out, the next step is to ask whether the right was clearly

21  established.  <u>See id.</u>  This inquiry "must be undertaken in light of the specific context of the case,

22  not as a broad general proposition . . . ."  <u>Id.</u>  "[T]he right the official is alleged to have violated

23  must have been 'clearly established' in a more particularized, and hence more relevant, sense:

24  The contours of the right must be sufficiently clear that a reasonable official would understand

25  that what he is doing violates that right."  <u>Id.</u> at 202 (citation omitted).  Thus, the final step in the

26  analysis is to determine whether a reasonable officer in similar circumstances would have

1  thought his conduct violated the alleged right.  See id. at 205.

2          When identifying the right allegedly violated, the court must define the right more

3  narrowly than the constitutional provision guaranteeing the right, but more broadly than the

4  factual circumstances surrounding the alleged violation.  See Kelly v. Borg, 60 F.3d 664, 667

5  (9th Cir. 1995).  For a right to be clearly established, "[t]he contours of the right must be

6  sufficiently clear that a reasonable official would understand [that] what [the official] is doing

7  violates the right."  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Ordinarily, once the

8  court concludes that a right was clearly established, an officer is not entitled to qualified

9  immunity because a reasonably competent public official is charged with knowing the law

10 governing his conduct.  See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).  However, even

11 if the plaintiff has alleged a violation of a clearly established right, the government official is

12 entitled to qualified immunity if he could have ". . . reasonably but mistakenly believed that his .

13 . . conduct did not violate the right."  Jackson v. City of Bremerton, 268 F.3d 646, 651 (9th Cir.

14 2001); see also Saucier, 533 U.S. at 205.

15          The first factors in the qualified immunity analysis involve purely legal questions.

16 See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a legal

17 determination based on a prior factual finding as to the reasonableness of the government

18 official's conduct.  See Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  The district court

19 has discretion to determine which of the Saucier factors to analyze first.  See Pearson v.

20 Callahan, 555 U.S. 223, 236 (2009).  In resolving these issues, the court must view the evidence

21 in the light most favorable to plaintiff and resolve all material factual disputes in favor of

22 plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

23          In this case, the court finds that defendants are entitled to qualified immunity

24 because, as discussed above, the facts alleged in the complaint do not make out a prima facie

25 case of the violation of a constitutional right.  Specifically, no Eighth Amendment violation has

26 been sufficiently alleged because plaintiff fails to plead facts showing how other inmates were

1  made aware of the R-suffix classification.

2

3                            **IV.  CONCLUSION**

4          Based on the foregoing, the undersigned recommends that defendants' unopposed

5  motion to dismiss (Doc. 32) be granted and that this action be dismissed.

6          These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court.  Responses to objections shall be filed within 14 days after service of

10 objections.  Failure to file objections within the specified time may waive the right to appeal.

11 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  DATED:  September 28, 2015

14                                                    _____

15                                                    **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26